UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LAMAR ROSHAN HOLLOMAN,

        Plaintiff,

   v.                          ACTION NO. 2:19cv455

HUNTINGTON INGALLS INCORPORATED,

        Defendant.

## MEMORANDUM OPINION AND ORDER

In this action, _pro se_ Plaintiff Lamar Roshan Holloman ("Plaintiff") asserts claims against Defendant Huntington Ingalls Incorporated ("Defendant") for retaliatory discharge and retaliatory failure to rehire in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and for a violation of 42 U.S.C. § 1981. Am. Compl. at 1-3, ECF No. 24. This matter is before the court on Plaintiff's Motion to Compel, and Defendant's Partial Motion to Dismiss, in which Defendant seeks the dismissal of Plaintiff's Title VII claims.[1] Mot. Compel, ECF No. 26; Partial Mot. Dismiss, ECF No. 28. The court finds that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs. For the reasons set forth below, Plaintiff's Motion to Compel, ECF No. 26, is **DENIED;** and Defendant's Partial

---

[1] Defendant does not seek the dismissal of Plaintiff's § 1981 claim at this time. Mem. Supp. Partial Mot. Dismiss at 1 n.1, ECF No. 29.

Motion to Dismiss, ECF No. 28, is **GRANTED in part** and **DENIED in part**.
Defendant's motion is **GRANTED** as to Plaintiff's Title VII retaliatory
discharge claim, and **DENIED** as to Plaintiff's Title VII retaliatory
failure to rehire claim.

## I.  Factual and Procedural Background

On August 27, 2019, Plaintiff filed an application to proceed
in forma pauperis ("IFP Application"), along with a proposed
Complaint.  IFP Appl., ECF No. 1.  On August 29, 2019, the court
granted Plaintiff's IFP Application, and directed the Clerk to file
Plaintiff's Complaint.  Order, ECF No. 2; Compl., ECF No. 3.

Plaintiff utilized a form "Complaint for a Civil Case" as his
Complaint in this action.  Compl. at 1-5.  In the "Basis for
Jurisdiction" section of his Complaint, Plaintiff stated: "I believe
I was discharged in retaliation for protesting a protected activity."
Id. at 3.  In the "Statement of Claim" section of his Complaint,
Plaintiff stated: "I was not given a reason for my discharge.  I
believe I was discharged for protesting a protected activity."  Id.
at 4.  Plaintiff provided no further factual allegations in the body
of his Complaint.  Id. at 1-5.

Plaintiff attached to his Complaint: (i) a Charge of
Discrimination filed against Defendant with the Equal Employment
Opportunity Commission ("EEOC"); and (ii) a Right to Sue Letter
received from the EEOC.  EEOC Charge, ECF No. 3-1 at 1, 3; Right Sue
Letter, ECF No. 3-1 at 2.

2

In his EEOC Charge, which Plaintiff filed on May 22, 2019, Plaintiff alleged that Defendant unlawfully retaliated against him, and specifically identified June 29, 2018, as the "latest" date that the alleged discrimination took place.   EEOC Charge at 1.   Plaintiff described the alleged wrongdoing as follows:

> I.    I began employment on or about October 2017 as a Structural Welder for the Respondent. Throughout my tenure, I have always met or exceeded my performance expectations.   On or about March 2018, I was approached by my supervisor Robby Mysic, white, and asked if I had any Charges of Discrimination pending against anyone.   I confirmed to him that I had a pending lawsuit against Newport News Industrial.   After that, I began to experience adverse employment actions such as being denied time off, being sent home more than my co-workers due to no work being available and often being informed to stay home for similar reasons.
>
> In April 2018, I was informed by Robby Mysic that my attendance was a problem and I asked to speak with Tim Johnson.   I informed Tim that most of the days in question were days that I was either sent home or told to stay home due to lack of work.   Tim informed me that I would be placed on a probationary period.   I signed the probation paperwork and was compliant for the next three months.   I informed Tim Johnson that I felt like I was being treated unfairly because I had filed Charges against my former employer. Tim Johnson did not address my concerns at that time.   In July 2018,[2] I requested three weeks

---

[2] Based on the other factual allegations in Plaintiff's EEOC Charge, as well as the factual allegations asserted in Plaintiff's Amended Complaint, it appears that Plaintiff's reference to "July 2018" is a typographical error, and that Plaintiff intended to refer to "June 2018."   See EEOC Charge, ECF No. 3-1 at 1 (alleging that Plaintiff was discharged from his employment in June 2018); Am. Compl. at 2, ECF No. 24 (alleging that Plaintiff "requested a few weeks off to take care of personal business" in "June 2018").

off to take care of personal business and it was
approved by Tim Johnson.   While I was on
vacation, King, FNU was promoted to supervisor.
Upon my return to work on or about the end of
June 2018, I was informed by King that I was
discharged.   My badge was taken and I was
escorted off the premises.

II.  I was not given a reason for my discharge.

III. I believe I was discharged in retaliation
for  protesting  a  protected  activity,  in
violation of Title VII . . . .

Id. at 1-2.[3]

As mentioned above, Plaintiff filed his EEOC Charge on May 22,
2019.  Id. at 1.  On August 13, 2019, the EEOC mailed Plaintiff a
Right to Sue Letter, in which it stated: "Your charge was not timely
filed with the EEOC; in other words, you waited too long after date(s)
of the alleged discrimination to file your charge."  Right Sue Letter
at 1.

On October 25, 2019, Defendant filed an Answer to Plaintiff's
Complaint.  Answer, ECF No. 10.  On November 8, 2019, the court
issued a Rule 26(f) Pretrial Order that, among other things, ordered
the parties to meet for a Rule 16(b) scheduling conference on December
2, 2019.  Rule 26(f) Pretrial Order at 1, ECF No. 11.

On November 18, 2019, Defendant filed a Motion for Judgment on
the Pleadings.  Mot. J. Pleadings at 1-2, ECF No. 12.  Plaintiff's
deadline  to  respond  to  Defendant's  Motion  for  Judgment  on  the

---

[3] Plaintiff  declared,  under  penalty  of  perjury,  that  the
allegations of his EEOC Charge were "true and correct."  EEOC Charge,
ECF No. 3-1 at 1.

Pleadings did not expire until December 9, 2019, after the date set for the Rule 16(b) scheduling conference.  The parties met for the Rule 16(b) scheduling conference on December 2, 2019, and the court issued a Rule 16(b) Scheduling Order on the same day.  Rule 16(b) Scheduling Order, ECF No. 14.

Once the briefing period for Defendant's Motion for Judgment on the Pleadings closed, the court reviewed the parties' filings. In its motion, Defendant argued that "[i]t is clear from the face of Plaintiff's Complaint . . . that Plaintiff's Title VII claim is time-barred and cannot proceed" because Plaintiff "did not file a timely EEOC Charge."  Mem. Supp. Mot. J. Pleadings at 1–2, ECF No. 13.

An individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC and exhaust administrative remedies before filing a lawsuit in federal district court.  Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406–07 (4th Cir. 2013); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005).  As this court has explained:

> [A]n employee challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged discrimination to file a charge with the EEOC.  If the statutory time period elapses between the allegedly discriminatory incident and the filing of the EEOC charge, the litigant is forever barred from Title VII relief.

5

<u>Edwards v. Murphy-Brown, L.L.C.</u>, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (internal citation omitted).

In its Motion for Judgment on the Pleadings, Defendant argued:

> In Plaintiff's EEOC Charge, which is attached to the Complaint, Plaintiff affirmatively states that the last discriminatory act allegedly occurred on June 29, 2018—the date he was "discharged"—and Plaintiff does not allege that he experienced any further discrimination or retaliation after that date.  Though the last act of discrimination allegedly occurred on June 29, 2018, Plaintiff did not file his EEOC Charge until May 22, 2019—328 days later and 28 days beyond the statutory deadline. Accordingly, Plaintiff's failure to file his EEOC Charge within 300 days of his departure from [Defendant] proves fatal to his claim and Defendant is entitled to judgment on the pleadings.

Mem. Supp. Mot. J. Pleadings at 2.

In his Opposition to Defendant's Motion for Judgment on the Pleadings, Plaintiff claimed, contrary to the allegations of his EEOC Charge, that he "was not given notice of a release from work" on June 29, 2018.  Opp'n at 1, ECF No. 15.  Plaintiff claimed that he was told "only that there was a misunderstanding and communication issue with the vacation time [Plaintiff] took," and that Plaintiff "didn't get notice of [his] release from the defendant until the day [Plaintiff] filed [his] retaliation complaint with the EEOC on May 22, 2019."  <u>Id.</u> at 2.  Plaintiff also claimed that he "is still t[o] this day being retaliated against by being denied employment" with Defendant.  <u>Id.</u> at 1.  Plaintiff stated: "Whenever staffing companies contact me because of openings" with Defendant, Defendant

"will reject my submission without reason while other lesser qualified candidates are accepted." Id.

In its Reply, Defendant argued that the court "is not required to accept" the new, contradictory allegations set forth in Plaintiff's Opposition regarding Plaintiff's discharge date. Reply at 2, ECF No. 16. Defendant further argued that, to the extent Plaintiff now seeks to assert a retaliatory failure to rehire claim against Defendant, such claim necessarily fails because Plaintiff did not exhaust his administrative remedies with respect to such claim. Id. at 6-9.

In a Memorandum Order dated March 17, 2020, the court explained that "a complaint may not be amended by the briefs in opposition to a motion to dismiss." Mem. Order at 8, ECF No. 17 (quoting Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004)). As such, the court determined that "Plaintiff's attempt to add new factual allegations and a new claim to his Complaint via his Opposition [was] improper." Id. However, in deference to Plaintiff's pro se status, the court granted Plaintiff leave to file an Amended Complaint that "clarifie[d] his intended claims and the factual basis for such claims." Id. at 8-9. With respect to the specific claims that Plaintiff may attempt to assert in his Amended Complaint, the court explained:

> The court need not authorize the filing of an Amended Complaint if it is clear that it would be futile to do so. Under the circumstances of the present case, it is clear that it would be

> futile for Plaintiff to amend his Complaint to
> include allegations regarding his discharge
> date that directly contradict sworn statements
> previously made by Plaintiff in his EEOC Charge.
> However, the futility of a potential
> retaliatory failure to rehire claim will likely
> depend on the specific facts upon which
> Plaintiff intends to rely to support such claim.
> In deference to Plaintiff's <u>pro se</u> status, the
> court will allow Plaintiff an opportunity to
> present such facts to the court via an Amended
> Complaint.

<u>Id.</u> at 9 n.4 (citations omitted).

Because the court granted Plaintiff leave to file an Amended

Complaint, the court indicated that Defendant's Motion for Judgment

on the Pleadings, which sought the dismissal of Plaintiff's original

Complaint, would be dismissed as moot, upon the filing of Plaintiff's

Amended Complaint.   <u>Id.</u> at 10.

Further, in light of the court's decision to grant Plaintiff

leave to file an Amended Complaint, the court vacated the deadlines

imposed by the court's Rule 16(b) Scheduling Order, and stated that

"[u]pon review of Plaintiff's Amended Complaint and Defendant's

responsive pleading, the court will issue a separate Order regarding

the issuance of an Amended Rule 16(b) Scheduling Order, if

necessary."   <u>Id.</u>

Plaintiff subsequently filed an untimely and incomplete Amended

Complaint that did not include a required Certificate of Service.

Am. Compl., ECF No. 21; Order at 1-2, ECF No. 23.   In an Order dated

May 11, 2020, the court directed the Clerk to strike Plaintiff's

Amended Complaint from the record, but granted Plaintiff an extension of time to file a proper Amended Complaint.   Order at 2.

On May 27, 2020, Plaintiff filed an Amended Complaint, as well as a Motion to Compel.   Am. Compl., ECF No. 24; Mot. Compel, ECF No. 26.   On June 10, 2020, Defendant filed a Partial Motion to Dismiss, and provided pro se Plaintiff with a proper Roseboro Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.   Partial Mot. Dismiss at 1-2, ECF No. 28; E.D. Va. Loc. Civ. R. 7(K).   Both pending motions are ripe for adjudication.[4]

## II.   **Plaintiff's Amended Complaint**

In his Amended Complaint, Plaintiff alleges that he was employed by C.A. Jones, a staffing agency, and was assigned by C.A. Jones to work as a structural welder for Defendant in October 2017.   Am. Compl. at 1. ECF No. 24.   Plaintiff alleges that during this time, he "always met or exceeded . . . performance expectations."   Id.

---

[4] After the briefing on Defendant's Partial Motion to Dismiss closed, Plaintiff filed a Surreply without seeking leave of court to do so.   Surreply, ECF No. 34; see E.D. Va. Loc. Civ. R. 7(F)(1) (explaining that after "a non-moving party files a brief in opposition to an opposing party's motion" and the moving party files a reply brief, "[n]o further briefs or written communications may be filed without first obtaining leave of [c]ourt").   In deference to Plaintiff's pro se status, the court has considered Plaintiff's Surreply in its analysis of Defendant's motion.

Plaintiff further alleges that in March 2018, Plaintiff's supervisor, Robby Mycyk,[5] asked Plaintiff if he "had any charges of discrimination pending against anyone." Id. Plaintiff alleges that after he told Mr. Mycyk that he "had a pending lawsuit against Newport News Industrial," a company that Plaintiff claims is affiliated with Defendant, Plaintiff "began to experience more adverse employment actions." Id. at 1-2. Plaintiff specifically alleges that he was "denied time off," "sent home more than [his] coworkers due to weather or availability of work," and often told to "stay home for similar reasons." Id. at 2.

Plaintiff alleges that in April 2018, Mr. Mycyk told Plaintiff that his "attendance was a problem," and that Plaintiff asked to speak with his general foreman, Tim Johnson, about the issue. Id.; see Attach. 1 at 1, ECF No. 24-1. Plaintiff advised Mr. Johnson that "most of the days in question were days that [Plaintiff] was either sent home or told to stay home due to lack of work." Am. Compl. at 2. Nevertheless, Plaintiff alleges that he was "placed on a probationary period." Id.

Plaintiff further alleges that in June 2018, he requested—and was approved—to take "a few weeks off to take care of personal business." Id. When Plaintiff returned from leave in June 2018, Plaintiff alleges that he "was informed by King[,] [Plaintiff's]

---

[5] The court notes that Plaintiff refers to his supervisor's last name as both "Mysic" and "Mycyk." EEOC Charge, ECF No. 3-1 at 1; Am. Compl. at 1, ECF No. 24.

supervisor at the time[,] that [Plaintiff] was discharged from the premises and that [his] badge should have been turned off." Id. Plaintiff alleges that he "was escorted off the premises." Id. Plaintiff further alleges that he asked Mr. King to provide the reasons for these actions, and Mr. King "said something about [Plaintiff's] attendance and vacation." Id.

Plaintiff alleges that he contacted his staffing agency, C.A. Jones, "to inquire what was going on," but that "[m]onths went by" without a response. Id. Plaintiff alleges that on May 22, 2019, he was advised by C.A. Jones that Defendant ended Plaintiff's employment on June 29, 2018. Id. Plaintiff claims that he was "discharged from the premises and terminated in retaliation for protesting a protected activity in violation of Title VII and 42 U.S.C. § 1981." Id.

Plaintiff further claims that he subsequently attempted to "regain employment" with Defendant "through two different agencies." Id. at 1. Plaintiff claims that although Defendant is hiring and "bringing in other welders to work," "someone within management" is telling the agencies "not to bring [Plaintiff] in." Id. Plaintiff claims that other "less experienced candidates . . . are gaining and regaining employment" with Defendant. Id.

### III.   Plaintiff's Motion to Compel

As explained above, on March 17, 2020, the court issued a Memorandum Order that, among other things, (i) granted Plaintiff

leave to file an Amended Complaint; and (ii) vacated the deadlines imposed by the court's Rule 16(b) Scheduling Order. Mem. Order at 1-11, ECF No. 17. The court explained that "[u]pon review of Plaintiff's Amended Complaint and Defendant's responsive pleading, the court will issue a separate Order regarding the issuance of an Amended Rule 16(b) Scheduling Order, if necessary." Id. at 11.

Plaintiff filed a Motion to Compel on May 27, 2020, the same day that Plaintiff filed his Amended Complaint. Mot. Compel, ECF No. 26; Am. Compl., ECF No. 24. In his Motion to Compel, Plaintiff appears to take issue with Defendant's objections to the following two document requests that Plaintiff served on Defendant prior to the filing of Plaintiff's Amended Complaint:

> 1. [D]ocuments of payroll attendance of all leased employees during my employment at Huntington Ingalls Industries from October 2017 til June 2018.

> 2. [A]ll text messages, emails, documents, statements, communications, that relate[] to Lamar Holloman's complaint and termination from Huntington Ingalls Industries.

Objs., ECF No. 30-1, at 3-4 (first two alterations in original).[6]

Defendant objected, generally, to all of Plaintiff's document requests "on the grounds that they are premature." Id. at 2. Defendant stated:

---

[6] Plaintiff's Motion to Compel does not include the full text of the document requests at issue; however, Defendant attached a copy of its objections to Plaintiff's document requests to its Opposition to Plaintiff's Motion to Compel, and the full text of the relevant document requests is contained therein. Mot. Compel at 1-5, ECF No. 26; Objs., ECF No. 30-1 at 1-5.

> On March 17, 2020, the Court entered a[]
> Memorandum Order [ECF No. 17], in which the
> Court vacated the deadlines set forth in [the]
> Court's Rule 16(b) Scheduling Order and the
> Court has not issued a new Rule 16(b) Scheduling
> Order. Accordingly, Plaintiff's Requests are
> not proper at this time. HII will provide
> responses to Plaintiff's Requests once the
> Court issues a Rule 16(b) Scheduling Order
> permitting discovery to resume in this case.

Id. (second alteration in original).

In response to Plaintiff's request for "payroll attendance"

documents, Defendant specifically objected as follows:

> HII objects to this Request on the grounds that
> the phrase "[d]ocuments of payroll attendance"
> is vague and ambiguous. HII further objects to
> this Request on the grounds that it is overly
> broad, unduly burdensome, irrelevant, and not
> proportional to the needs of the case to the
> extent it seeks payroll, attendance, or any
> other records related to any leased employee
> other than Plaintiff. HII also objects to this
> Request to the extent that it suggests that HII
> employed Plaintiff. At all times, Plaintiff
> was employed by C.A. Jones, Inc., a third party
> staffing agency. Subject to and without
> waiving its objections, HII will produce
> Plaintiff's payroll and attendance records
> during the requested time frame related to
> Plaintiff's work at HII that are in HII's
> possession, custody, or control once the Court
> enters a Rule 16(b) Scheduling Order and
> discovery resumes in this case.

Id.

In his Motion to Compel, Plaintiff appears to suggest that he

is willing to narrow the scope of his request for "payroll attendance"

documents. Mot. Compel at 5 (suggesting that Plaintiff would be

willing to accept the "payroll attendance" documents of "all

employees working under [Plaintiff's] direct supervisor," which would be "less than 15 individuals").

In response to Plaintiff's request for documents that relate to his "complaint and termination," Defendant specifically objected as follows:

> HII objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks any and all text messages, emails, documents, statements and communications from an unlimited number of possible custodians that relate in any way to any of the allegations in Plaintiff's Complaint and his purported "termination" from HII, including those aspects of Plaintiff's Complaint and/or his "termination" that are not material to the litigation or otherwise in dispute. HII also objects to this Request to the extent that it suggests that Plaintiff was employed or "terminat[ed]" from HII. At all relevant times, Plaintiff was employed by C.A. Jones, Inc., a third party staffing agency, and Plaintiff was never employed by or "terminat[ed]" from HII. Subject to and without waiving its objections, HII will produce responsive documents that are in HII's possession, custody, or control that can be located through a reasonable search of HII's records once the Court enters a Rule 16(b) Scheduling Order and discovery resumes in this case.

Objs. at 4.

In light of Defendant's willingness to provide certain documents once the court issues an Amended Rule 16(b) Scheduling Order, and Plaintiff's willingness to narrow the scope of certain document requests, it does not appear that Plaintiff's Motion to Compel contains an active dispute that requires the court's attention

14

at this time.    Accordingly, Plaintiff's Motion to Compel, ECF
No. 26, is **DENIED**.

## IV.    Defendant's Partial Motion to Dismiss

### A.    Standard of Review Under Federal Rule 12(b)(6)

Defendant seeks dismissal of Plaintiff's Title VII claims
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
A motion to dismiss under Federal Rule 12(b)(6) should be granted
if the plaintiff fails to "allege facts to state a claim to relief
that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007).    A Rule 12(b)(6) motion "tests the sufficiency of
a complaint and 'does not resolve contests surrounding the facts,
the merits of a claim, or the applicability of defenses.'" Johnson
v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 567 (E.D.
Va. 2009) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943,
952 (4th Cir. 1992)).    As such, the court must accept all factual
allegations contained in Plaintiff's Amended Complaint as true and
draw all reasonable inferences in favor of Plaintiff.    Id.
"Although the truth of the facts alleged is assumed, courts are not
bound by the 'legal conclusions drawn from the facts' and 'need not
accept as true unwarranted inferences, unreasonable conclusions, or
arguments.'" Id. (quoting E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.
P'ship, 213 F.3d 175, 180 (4th Cir. 2000)).

Further, "[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not suffice" to

survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "in cases where the plaintiff appears pro se, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers." Suggs v. M&T Bank, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)). In such cases, courts are required to construe the operative complaint liberally. Id.

In ruling on a Rule 12(b)(6) motion, the court may consider the allegations of the operative complaint, as well as documents attached as exhibits or incorporated into the operative complaint by reference. Simons v. Montgomery Cty. Police Officers, 762 F.2d 30, 31 (4th Cir. 1985).

## B. Title VII Retaliatory Discharge Claim

In its Partial Motion to Dismiss, Defendant argues that Plaintiff's Title VII retaliatory discharge claim should be dismissed because Plaintiff failed to timely exhaust his administrative remedies for this claim. Mem Supp. Partial Mot. Dismiss at 6-8, ECF No. 29.

As discussed above, an individual who is "challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged discrimination to file a charge with the EEOC." Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (internal citation omitted). If the individual fails to

timely file a charge with the EEOC, the individual "is forever barred

from Title VII relief" as to that particular claim.   Id.

Defendant argues that Plaintiff's previously filed EEOC Charge[7]

establishes the untimely nature of Plaintiff's attempt to exhaust

his administrative remedies for his retaliatory discharge claim.

Mem. Supp. Partial Mot. Dismiss at 6.   Defendant argues:

> Plaintiff once again tries to contradict the
> allegations in his sworn EEOC Charge in order
> to revive his untimely Title VII discharge
> claim.   Plaintiff did not mince his words in his
> EEOC Charge.   Plaintiff stated clearly (under
> penalty   of   perjury)   that   the   last
> discriminatory act took place on "06-29-2018"
> and explained in the narrative section of his
> EEOC Charge that: "Upon my return to work on or
> about the end of June 2018, I was informed by
> King that I was discharged."   Plaintiff further
> stated that his "badge was taken and [he] was
> escorted   off   the   premises"   the   same   day.
> Despite these unambiguous allegations in his
> EEOC Charge, Plaintiff now alleges that he did
> not   "hear   that   [he]   was   terminated   from
> employment   until   [he]   called   his   staffing
> agency" on May 22, 2019—the day he filed his EEOC
> Charge.
>
> Plaintiff's Amended Complaint not only directly
> contradicts his EEOC Charge, but ignores this
> Court's admonishment that "it would be futile
> for Plaintiff to amend his Complaint to include
> allegations regarding his discharge date that
> directly   contradict   sworn   statements
> previously made by Plaintiff in his EEOC
> Charge."

---

[7] The court notes that Plaintiff attached a copy of his EEOC
Charge to his initial Complaint, but did not attach a copy to his
Amended Complaint; however, the court may nevertheless consider
Plaintiff's EEOC Charge in its analysis of Defendant's motion because
it is incorporated into Plaintiff's Amended Complaint by reference.
See Simons v. Montgomery Cty. Police Officers, 762 F.2d 30, 31 (4th
Cir. 1985).

Id. at 6 (emphasis in original) (citations omitted).

Defendant further argues that allowing Plaintiff to contradict his prior sworn statements to the EEOC "would frustrate the entire purpose behind Title VII's administrative scheme." Id. at 7. Defendant argues:

> Plaintiff's Right-to-Sue Notice clearly shows that the EEOC relied on Plaintiff's factual representations regarding the timing of his "discharge" to dismiss his claims as untimely. As such, and regardless of its underlying accuracy, Plaintiff denied the EEOC "the opportunity to investigate and mediate the claim" and Plaintiff has, therefore, failed to exhaust his administrative remedies.

Id. at 8 (citations omitted).

It is undisputed that Plaintiff filed an EEOC Charge on May 22, 2019, in which Plaintiff stated, under penalty of perjury: "Upon my return to work on or about the end of June 2018, I was informed by King that I was discharged. My badge was taken and I was escorted off the premises." EEOC Charge, ECF No. 3-1, at 1. Because Plaintiff's EEOC Charge was filed more than 300 days after Plaintiff's discharge, it is clear that Plaintiff did not timely exhaust his retaliatory discharge claim. Although the court granted Plaintiff leave to file an Amended Complaint, it explicitly warned Plaintiff that "it would be futile for Plaintiff to amend his Complaint to include allegations regarding his discharge date that directly contradict sworn statements previously made by Plaintiff in his EEOC Charge." Mem. Order at 9 n.4, ECF No. 17. Despite the

18

court's warning, Plaintiff takes this exact approach in his Amended Complaint.  Am. Compl. at 1-3, ECF No. 24.

Here, the court finds that Plaintiff did not timely exhaust his retaliatory discharge claim because he did not file a charge with the EEOC within 300 days from the date of his discharge.  The court further finds that it need not accept as true Plaintiff's allegation in his Amended Complaint that he did not learn of his discharge until May 22, 2019, because such allegation directly conflicts with the sworn statements made by Plaintiff is his EEOC Charge.  See Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (explaining that the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" when analyzing a motion filed under Federal Rule 12(b)(6)); see also Hill v. Jamestown-Yorktown Found., No. 4:18cv137, 2019 U.S. Dist. LEXIS 118448, at *28 (E.D. Va. July 15, 2019) (finding allegations in a complaint to be unwarranted based on statements made in a previously filed EEOC Charge).  Accordingly, Defendant's Partial Motion to Dismiss, ECF No. 28, is **GRANTED** as to Plaintiff's Title VII retaliatory discharge claim.

### C.  Title VII Retaliatory Failure to Rehire

As summarized above, Plaintiff alleges in his Amended Complaint that Defendant has been hiring and "bringing in other welders to work."  Am. Compl. at 1, ECF No. 24.  Plaintiff alleges that he has attempted to "regain employment" with Defendant "through two

19

different agencies," but that "someone within management" has prevented Plaintiff's rehire, and instead has hired other "less experienced candidates." Id.   In its Partial Motion to Dismiss, Defendant argues that Plaintiff's retaliatory failure to rehire claim should be dismissed because Plaintiff failed to exhaust his administrative remedies for this claim.   Mem. Supp. Partial Mot. Dismiss at 8-12.

Plaintiff's May 22, 2019 EEOC Charge contains no allegations regarding a retaliatory failure to rehire.   However, in Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992), the United States Court of Appeals for the Fourth Circuit held that a plaintiff may assert a Title VII retaliation claim for the first time in federal court if the alleged retaliation is based on the filing of a previous EEOC Charge.   Id. at 590; see Hentosh v. Old Dominion Univ., 767 F.3d 413, 416-17 (4th Cir. 2014).   The Fourth Circuit described this rule as "the inevitable corollary of our generally accepted principle that the scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission."   Nealon, 958 F.2d at 590 (internal citations omitted).   Courts have explained, however, that Nealon does not provide "a blanket exception" to the administrative exhaustion requirement for all retaliation claims.   Davidson v. Sarnova, No. JKB-17-1067, 2017 U.S. Dist. LEXIS 132106, at *11 (D. Md. Aug.

18, 2017).  Instead, <u>Nealon</u> simply provides that a plaintiff "need

not file a second administrative complaint" if "the purported

retaliation is <u>in response to an administrative complaint itself</u>."

<u>Id</u>. (emphasis added).

Based on a liberal construction of <u>pro se</u> Plaintiff's Amended

Complaint, the court finds that Plaintiff's retaliatory failure to

rehire claim adequately alleges that Defendant failed to rehire

Plaintiff in retaliation for the filing of Plaintiff's May 22, 2019

EEOC Charge.  <u>See</u> Am. Compl. at 1 (alleging that Plaintiff filed an

EEOC Charge on May 22, 2019, and that Plaintiff is "continually being

retaliated against" because management will not rehire him).

Therefore, in light of <u>Nealon</u>, the court finds that Plaintiff's

retaliatory failure to rehire claim is not subject to dismissal based

on Defendant's arguments regarding lack of administrative remedy

exhaustion.[8]  Accordingly, Defendant's Partial Motion to Dismiss,

ECF No. 28, is **DENIED** as to Plaintiff's Title VII retaliatory failure

to rehire claim.[9]

---

[8] The court notes, for the sake of clarity, that Plaintiff's
retaliatory discharge claim required timely exhaustion because the
retaliatory acts alleged therein were based on protected activity
that allegedly occurred <u>prior to</u> the filing of Plaintiff's May 22,
2019 EEOC Charge.  The retaliatory acts alleged in Plaintiff's
retaliatory failure to rehire claim, on the other hand, are alleged
to have occurred <u>as a result of</u> the May 22, 2019 EEOC Charge.

[9] In its Partial Motion to Dismiss, Defendant also argues that,
to the extent Plaintiff's Amended Complaint seeks to assert a "breach
of contract claim separate from [Plaintiff's] 42 U.S.C. § 1981
claim," Plaintiff has alleged insufficient facts to state such a

Defendant is **ORDERED** to file its responsive pleading to the remaining claims in this action in accordance with Federal Rule 12(a)(4).  Upon receipt of Defendant's responsive pleading, the court will provide the parties with further instruction regarding scheduling issues.

### V.   Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel, ECF No. 26, is **DENIED**; and Defendant's Partial Motion to Dismiss, ECF No. 28, is **GRANTED in part** and **DENIED in part**.  Defendant's motion is **GRANTED** as to Plaintiff's Title VII retaliatory discharge claim, and **DENIED** as to Plaintiff's Title VII retaliatory failure to rehire claim.  Defendant is **ORDERED** to file its responsive pleading to the remaining claims in this action in accordance with Federal Rule 12(a)(4).  Upon receipt of Defendant's responsive pleading, the court will provide the parties with further instruction regarding scheduling issues.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/

Rebecca Beach Smith
Senior United States District Judge

November  5  , 2020

---

claim.  Mem. Supp. Partial Mot. Dismiss at 12 n.4, ECF No. 29.  The court does not construe Plaintiff's Amended Complaint as asserting a separate breach of contract claim against Defendant.  Therefore, the court need not address Defendant's additional argument.